IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDIE WELTON POLK, JR., | § | |
| TDCJ-ID NO.410286, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-961 |
| | § | |
| DOUG DRETKE, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Andie Welton Polk, Jr., an inmate incarcerated in the Texas Department of Criminal Justice – Institutional Division ("TDCJ-ID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging parole review procedures. After reviewing the pleadings, the Court will dismiss the habeas petition because the petitioner's claims are legally frivolous.

I.    BACKGROUND

In 1985, pursuant to a guilty plea, petitioner was convicted of aggravated robbery in cause number 421812 in the 179th County Court of Harris County, Texas. He was sentenced to thirty years imprisonment in TDCJ-ID. (Docket Entry No.1). Petitioner does not indicate that he filed a direct appeal or a state habeas application from this conviction.

Petitioner's parole was revoked on July 9, 2002. He complains that he came up for parole review on October 9, 2002, and September 14, 2004, but he was not given timely notice of the review date. Consequently, he was unable to prepare for the review by marshaling evidence of his custodial behavior, procuring letters, references, and information regarding housing and

employment, and notifying family members. Petitioner contends the failure to give timely notice violates his right to due process of law. Petitioner seeks early release. (Docket Entry No.2).

II.     DISCUSSION

The federal courts are authorized to dismiss a federal habeas petition without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the reasons to follow, the Court finds that the pending petition lacks an arguable basis in law and must be dismissed on that ground. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998); *Newby v. Johnson*, 81 F.3d 567, 568-69 (5th Cir. 1996).

An inmate does not have a constitutional right to conditional release prior to the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Moreover, a Texas inmate has no constitutionally protected right to parole because the relevant Texas statutes do not create an expectation of release that would implicate due process considerations. *Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997). Such release is entirely speculative. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Because petitioner has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decision, including a claim that he was denied advance written notice of parole hearings. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (denying claim that parole review procedures deny due process because they give no advance written notice of hearings, no opportunity to be heard, and deny access to materials and right to be accompanied by person of choice); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995) (denying claim that new parole review procedures allowing set-offs of more than one year violated due process).

Petitioner's claim is legally frivolous and will be dismissed.

III.   CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability from this decision will not issue.

IV.   CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Petitioner's habeas petition is DENIED.

2. Petitioner's claims are DISMISSED, with prejudice, as frivolous.

3. A certificate of appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, this 7th day of June, 2005.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE